37 C.C.P.A.(Patents)

## Application of ROBERTS.

### Patent Appeal No. 5624.

United States Court of Customs and Patent Appeals.

Dec. 12, 1949.

Albert R. Teare, Cleveland, Ohio (Bates, Teare & McBean, Cleveland, Ohio, of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (Clarence W. Moore, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL and JOHNSON, Judges.

JACKSON, Judge.

In this appeal we are called upon to review a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner rejecting method claims 39 to 48, inclusive, and apparatus claims 53 through 57 and 59 to 61, inclusive, of an application for a patent entitled "Method and Apparatus for Making Hollow Plastic Articles," serial No. 634,259, filed December 11, 1945, as unpatentable over the following cited prior art:

| | | |
|---|---|---|
| Cox | 637,372 | November 21, 1899; |
| Robertson | 1,270,873 | July 2, 1918; |
| Lawton | 1,467,438 | September 11, 1923; |
| Roberts | 1,497,592 | June 10, 1924; |
| Strauch | 2,229,613 | January 21, 1941. |

Four apparatus claims were allowed by the examiner, and three method claims which had been rejected by the examiner were allowed by the board.

Claims 39, 46, 53 and 61 are considered illustrative of the involved subject matter and read as follows:

"39. The method for making hollow articles having opposed poles from sheet material comprising placing such material across several cavitary mold members, each cavity extending from pole to pole and defining a fraction of the entire surface of the complete article, which fractions add up to one, and bringing said members toward each other to meet at the edges of the cavities to form a plurality of seams.

"46. The method of forming a hollow article of plastic material comprising placing such material in sheet form across a series of molds, each mold being provided with a cavity complementary to a portion of the article to be produced, exhausting air from such cavities to seat the stock therein, bringing the mold members into edge to edge coaction to form a plurality of seams.

"53. An apparatus for forming hollow articles of plastic sheet material comprising a set of cavitary molds, the cavity in each mold being concave longitudinally and transversely and coming to a point at each end, means for supporting the molds so that sheet material may be placed over the cavities, and means for moving the molds toward each other to bring each into edge coaction with two others of the molds for the entire boundary of the cavities to join the material by a plurality of meridional seams.

"61. The combination of a frame having a bed plate with an opening through it, a set of cavitary molds adapted to rest on

the bed plate in radial positions about the opening with the cavities facing upwardly, an operating device adapted to extend into the opening and pivotally connected to the molds below the entrance to the inner ends of the cavities, means for seating sheet stock above the molds in the cavities thereof, and means for actuating said operating device to move the inner ends of the molds downwardly into the opening in the bed while the edges of said opening form guides along which the molds may travel, thereby rocking the molds with the stock seated in the cavities toward each other until they come into edge engagement."

The invention relates to an apparatus and method for forming hollow articles, such as balls, out of raw rubber sheet stock, and the primary object of the invention is stated to be the mechanical making of a closed hollow preliminary article which has the same shape when coming from the mold as when it is subsequently vulcanized. A sheet of raw rubber is placed on a square frame around the periphery of which is a groove from which air is evacuated by a vacuum pump in order to hold the margin of the rubber sheet. The frame is then placed on upright posts above the bed plate of the apparatus so that the rubber sheet extends in a pendant fashion over four cavitary molds which radiate about a center. The molds are concave, both longitudinally and transversely, so that each forms an aliquot segment of the article to be formed, as is said in the application "the surface of which is a meridional quarter of a sphere, the four molds being thus adapted by edge engagement to define a sphere." When the apparatus is open the molds are in a horizontal plane on a bed plate, which has a central curved opening flaring outwardly. Into the opening the rod and head of a vertical reciprocating hydraulic piston extends upwardly. The interior points of the molds are pivotally connected to the head by clevises. In closing the molds together, the head and rod descend from the central opening, and the molds are rocked inwardly toward each other until a closed position is reached.

When the vacuum in the frame is released, the sheet of rubber drops over the mold cavities and on the outer point of each mold the sheet is manually attached to an outwardly projecting pin. The rubber extending over the mold cavities may then be pressed manually therein if so desired, and is seated firmly in the cavities when the molds are in an intermediate position by means of vacuum passageways leading into the molds through the outer walls thereof. After the sheet has been firmly seated, as above set out, a device comprising a disc with four upwardly and outwardly disposed spring wires is pressed on the head of the piston rod. The wires extend between the successive molds so that when the edges of the molds are brought into a closed position the wires extend the rubber sheet out and away from the region between the mold members. The edges of those members are V-shaped, and as they come together they pinch the projecting rubber on itself, thus forming what is said to be an effective seam and pinching off the surplus rubber. When the molds have been brought together, as above described, a sphere is produced having meridional seams extending from both poles and 90° apart at the equator. The molds are then opened and the completed ball removed and thereafter vulcanized in the usual vulcanizing mold. All of the allowed claims provide for the disc and wire means, and such means are not set out in any of the rejected claims.

The patent to Cox relates to a machine for making hollow caoutchouc (India rubber) balls. It is said in the specification that the machine forms a hermetically-sealed bag of unvulcanized rubber by gathering up the edges of the sheet, cutting away the superfluous material, and nipping the severed edges together. The bag is thereafter distended and vulcanized to form a sphere. It is stated in the specification that a sheet of rubber material is previously coated on its upper surface with an adhesive and then a pellet of sodium carbonate or other chemical is placed on the sheet. After the bags have been removed from the apparatus, they are placed in iron molds, having spherical cavities,

and subjected to heat which causes the chemical substance to evolve a gas, the pressure of which forces the bag against the wall of the cavity, thus producing a spherical ball. After vulcanization, the gas is removed and air is substituted under pressure.

The apparatus of the Cox patent comprises four inwardly-curved plates which are pointed at their tops and hinged at their bottom to a square topped plunger. Attached to the plates are rods, the lower ends of which are joined to a cross head which is adapted to slide vertically upon a stem which is attached by a flange to the bed plate. The apparatus is manually operated so that by manipulating a lever the plates are raised from an open to a closed position. The bag when taken from the machine has a square seamless bottom and four walls tapering to a point. It is stated in the specification that the plates when closed form four sides of a chamber.

In the specification of the Lawton patent, which is partly directed to a description of the Cox machine, it is stated that the machine described therein is an improvement upon the Cox patent. The improvement is said to be a shaping of the plates or "petals," as they are termed in both patents, so that they do not meet at a point. It is stated that the plates of the Cox patent are "substantially quarter hollow spheres" and that they form a "partially-formed ball." Two of the plates of the Lawton apparatus are longer than the other two plates and are square at their outer ends. The plates, therefore, do not converge at a point.

The Robertson patent relates to a method and apparatus for shaping plastic sheets, and discloses the seating of rubber stock by suction means.

The Roberts patent relates to a mold for making hollow rubber articles, and discloses the forcing of rubber to its seat in a mold by exhausting the air from beneath the rubber.

The Strauch patent relates to a process and apparatus for forming articles from plastic sheet material, and was cited as disclosing a frame supporting a plastic sheet by means of vacuum prior to the shaping thereof.

Claims 39 to 45, inclusive, 53 to 55, inclusive, 57, 59 and 60 were rejected as unpatentable over each of the Cox and Lawton references. Claims 46, 47, 48 and 56 were rejected upon either the Cox or Lawton references in view of either of the patents to Roberts or Robertson. Claim 61 was rejected on the patent to Cox or that of Lawton in view of the Strauch reference.

It may be noted that the principal references upon which the involved claims were rejected are the patents to Cox and Lawton, respectively.

It was stated in the decision of the Primary Examiner that the Cox and Lawton patents each discloses a method and apparatus for making rubber balls by means of cavitary molds actuated by vertical reciprocating rods or plungers to effect shaping a rubber sheet into a rubber ball. The examiner noted that each of the patents discloses the rubber sheet being pinched together when the molds are joined or the apparatus is closed, so that the edges of the sheets are joined and the excess rubber cut off. The examiner was of opinion that the differences between the apparatus and method of appellant and the disclosure of either of the patents was not sufficient to make patentable claims 39 to 45, inclusive, 53 through 55, 57, 59 and 60. With respect to claim 61, the examiner held that it would not involve invention to provide in the Cox or Lawton apparatus a means for seating the sheet stock above the mold cavities in view of the Strauch device. He further held that with respect to claims 46 to 48, inclusive, 50 to 52, inclusive, and 56 there would be no invention in employing vacuum means for shaping the rubber ball in the apparatus of either the Cox or Lawton patents, in view of the shaping of articles by vacuum means, as disclosed in the patents to Roberts or Robertson.

The board in its decision stated that the patentees, Cox and Lawton, each makes spherical hollow balls with differently shaped molds. The product of the Lawton device emphasizes the variation of the

shapes of the four sections which constitute the molds. While the board admitted that appellant does not use molds shaped like those of the Cox and Lawton patents, for the reason that appellant in his invention makes each mold in the shape of a full quarter section of a sphere, it could see no invention in so shaping appellant's molds. The board stated that hollow rubber spheres are obtained by the patents of Cox and Lawton, and was not convinced "that a patent should be allowed each time the shape of a section of a mold is changed so that all of the sections of the mold form a sphere when the mold is closed."

The board conceded that the operating mechanism of the involved application is not disclosed in either the Cox or Lawton structures, but was of opinion that, even in the absence of appellant's construction, the device of his application would be apparent to the skilled artisan in view of those patents. In support of its holding, the board cited the case of In re Horney, 161 F.2d 271, 273, 34 C.C.P.A., Patents, 968.

In our opinion the rejected apparatus and method claims involve invention. It is clear that both Cox and Lawton sought to manufacture a hollow vulcanized sphere. In doing so, however, the articles of raw rubber produced in their devices are not spheres. They are five sided bag-like articles with a flat square base. Such articles, after being formed, are placed in spherical vulcanizing molds and acted upon by internal pressure produced by the gas evolved by heating the enclosed chemical substance. The article produced by appellant's apparatus and method is a true sphere, unless it were desired to manufacture a football, wherein the article would correspond to the shape of the final ellipsoid. In the making of articles envisaged by appellant from raw rubber, no adhesive nor chemical expansion means for internal pressure is employed, and therefore there is no straining or stretching of the article to be vulcanized as there must be in the producing of rubber balls in accordance with the patents of Cox or Lawton.

As a matter of fact, neither the Cox nor the Lawton apparatus makes spherical hollow balls. The bags produced by the apparatuses and methods of those patents are not spheres until they are forced into such shape in the vulcanizing chambers.

Of course we believe, as was stated by the board, that a patent should not be allowed in this art every time the shape of a mold face is changed, but we are fully convinced that by merely changing the shape of the molds of the Cox or Lawton device to a shape, such as that produced by appellant, a sphere could not be produced. The molds of the patents are not pivoted at their lower ends, but are squarely hinged at their lower extremities to a square base. In the apparatus of appellant, the molds are not pivoted at their lower ends. They are carried by means of extensions to a pivot well below the lower extremity of the mold and behind their points, so that they may be readily rocked together. Such apparatus and method appears to us to involve invention. The idea of appellant, as we view the record here, is entirely different from that disclosed in the Cox and Lawton patents. Their notion of hinging the molds to the edges of a square platform was for the purpose of shaping a square base on the article. On the other hand, the plan of appellant is to provide an extension for the mold back of its lower point and hinging it to an operating member which has nothing to do with the shape of the article to be formed.

The case of In re Horney, supra, cited by the board, is sound law for the facts of that case, but it was stated in the opinion there that in the rejection of patent claims it is "merely a question of opinion as to whether or not, in view of the cited art and the suggestions therein contained, it required anything more than the skill of the artisan to bring about the claimed results." In the instant case it is clear to us that neither the Cox nor Lawton patent anticipates the claims rejected for that reason by the tribunals of the Patent Office, and that those references, coupled with the Roberts, Robertson and Strauch references, either taken singly or together, may not properly be considered as mak-

ing it obvious to one skilled in the art to produce the structure or define the method set out in the claims on appeal.

For the reasons hereinbefore set forth, the decision of the Board of Appeals is reversed.

Reversed.

By reason of illness, HATFIELD, Judge, was not present at the argument of this case and did not participate in the decision.